ANDREW J. MORRISSEY (State Bar No. 156827)
SARA M. KNOWLES (State Bar No. 216139)
LELAND, SCHULTZ, MORRISSEY & KNOWLES LLP
1660 HUMBOLDT ROAD, SUITE 6
CHICO, CALIFORNIA 95928
TELEPHONE: (530) 342-4500

Attorneys for Defendants
SULLIVAN DRILLING, INC. AND
CHARLES SULLIVAN

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GALLEGOS, | No. 2:15-cv-01565-KJM-EFB (TEMP) |
| Plaintiff, | |
| v. | **AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| SULLIVAN DRILLING, INC. | |
| and | |
| CHARLES SULLIVAN, | |
| Defendants. | |

-1-

The parties agree that during the course of discovery in this action, it may be necessary to disclose certain confidential and private information relating to the subject matter of this action.

THEREFORE, on stipulation of the parties, and on a showing that an Order is needed to prevent unwarranted disclosure of confidential or proprietary information, the Court orders the following:

1. Definitions:

   a. Parties shall include the above-named Plaintiff and Defendants, and individuals or entities subsequently named as parties, officers and employees of any corporate party, and the above-named Defendants' non-party affiliates.

   b. Document means any writing, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

   c. Furnish shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pretrial exchange or otherwise, in prosecution or defense of this action; or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

   d. Person shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

   e. Confidential Information shall mean the contents of any document or transcript of testimony which shall have been designated by any Producing Party as confidential and meets the following definition: non-publicly available information related to (a) trade secrets, intellectual property, or other confidential research, development, or commercial information, including non-public financial and revenue information; (b) financial, marketing and other proprietary information of the Parties, including without limitation income, expenditures, profits,

losses, sales and customer lists, and marketing plans; (c) customer information; (d) medical records; and (e) confidential employee records, files, and information (hereinafter "Confidential Information"), except that, Confidential Information shall not include documents which relate to allegations of harassment, discrimination or retaliation, investigations of same, or discipline resulting from such allegations, even if such documents are maintained in employee records. Documents concerning harassment, discrimination or retaliation containing identifying or contact information shall not be marked "confidential," but prior to dissemination of such documents, names, addresses, phone numbers, dates of birth, or other personally-identifying information shall be redacted by the user.

  f. Producing Party shall mean the person that produces any information that is subject to the terms of this Confidentiality Agreement and Protective Order (Agreement) including persons who are not Parties to this action but who agree in writing to produce Confidential Information subject to the terms of this Agreement. Non-parties may do so by executing an agreement substantially in the form set forth in Exhibit 1 attached hereto.

  2. This Agreement shall govern any information, document or tangible thing, response to a discovery request, deposition testimony or transcript, or other information or material, including the contents, copies, excerpts and summaries thereof, furnished, provided, produced, filed, or served in response to either Plaintiff's or Defendants' discovery requests in the above-captioned action (herein collectively referred to as Discovery Material).

  3. Any Producing Party may designate Discovery Material it produces as Confidential Information, provided the material satisfies the requirements of Section 1(e) of this Agreement, and that such designation complies with any orders this Court has issued concerning this Confidentiality Agreement and Protective Order. Any such designation shall be made with a good faith belief that such Discovery Material constitutes operational, financial, or personal information, disclosure of which could result in harm to the Producing Party or others.

  4. Subsequent to the date hereof, Discovery Material designated as Confidential

Information pursuant to this Agreement, all copies or reproductions thereof, and all information contained herein, shall not be disclosed, disseminated, or communicated in any manner, directly or indirectly, except to the following Qualified Persons;

    a. The Parties' counsel of record herein and persons regularly employed as in-house counsel by the Parties, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff;

    b. The Court, in camera, and to persons serving as court personnel or court reporter personnel or staff in connection with this action;

    c. Parties in this action, or an officer, director or employee of a Party, deemed necessary by counsel to and in the prosecution, defense, or settlement of this action;

    d. Consultants or experts of any Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, so long as all such persons are informed of this Agreement and agree to its terms by executing a copy of the non-disclosure agreement attached hereto as Exhibit 1;

    e. Any person contacted or interviewed by counsel for use or potential use as a witness in this action, so long as all such persons are informed of this Agreement and agree to its terms by executing a copy of the non-disclosure agreement attached hereto as Exhibit 1. Discovery Material designated as Confidential Information pursuant to this Agreement, all copies or reproductions thereof, and all information contained herein shall be used by Qualified Persons subject to this Order solely for the purpose of the prosecution or defense of the claims in this action and for no other purpose whatsoever;

    f. Witnesses to the extent such confidential materials are used in depositions or court proceedings;

    g. Any appellate court having subject matter jurisdiction over this action; and

    h. Any other person to whom the Producing Party agrees in writing in advance of disclosure, or to whom the Court permits or orders disclosure.

-4-
Amended Stipulated Confidentiality Agreement and Protective Order

5. Designation of information as Confidential Information shall be accomplished as follows: With respect to documents, any document produced by a Producing Party may be marked at the time it is furnished, in whole or in part, with the legend CONFIDENTIAL. With respect to deposition testimony, testimony may be designated as Confidential Information by an appropriate contemporaneous statement during the deposition. All testimony so designated shall initially be treated as Confidential Information for a period of twenty-five (25) days from the date the deposition transcript is delivered to the Parties. Each Party and non-party shall have twenty-five (25) days from the date the deposition transcript is delivered to the Parties to designate which, if any, pages of the transcript are Confidential Information by sending written notice of such designation to all counsel of record and the reporter that prepared the transcript.

6. Prior to disclosure, dissemination or communication of any Confidential Information, any copies or reproductions thereof, or any information contained therein to any person contacted or interviewed by counsel for use or possible use as a witness or consultant in this action, a copy of this Agreement first shall be presented to the person to whom the Confidential Information is to be disclosed or communicated and such person shall execute a nondisclosure agreement substantially in the form set forth in Exhibit 1 attached hereto.

7. In the event that any Party objects to the designation of any Discovery Material as Confidential Information, that Party shall make the objection known to the Producing Party and thereafter, counsel shall meet and confer (by telephone or otherwise) in a good faith attempt to resolve the dispute. In the event that the dispute is unresolved, the Producing Party making the confidentiality designation shall present the dispute to the Court within a reasonable length of time, but no more than thirty (30) days after the Parties have been unsuccessful in their efforts to resolve the dispute. If the Party objecting to the designation needs or desires resolution by the Court sooner than the time allotted, it may present the dispute to the Court ex parte. In either case, any Discovery Material designated as Confidential Information shall remain protected until the Court rules otherwise.

8. In the event that any Party receiving Confidential Information is served with a subpoena, notice, or request to produce such information by any person, entity, or government agency to whom disclosure is not otherwise permitted by this Agreement, the Party receiving such subpoena, notice, or request, shall apprise the Party who served the subpoena, notice, or request about the existence of this Agreement, shall immediately notify the Producing Party thereof in writing to enable that Party to take whatever steps it deems appropriate to protect the Confidential Information from disclosure. The Producing Party shall serve any objection or take any legal measures to prevent disclosure within the time required by the subpoena, notice or request. The receiving party shall not violate this Order by complying with a lawfully issued subpoena to which the Producing Party has not timely objected.

9. When any Party intends to file any motion, petition, brief, memorandum, pretrial statement or other filing containing Confidential Information, in conformity with Local Rules 140 and 141, and this Court's Standing Order, it shall be the burden of the party who designated the information as "confidential" to move the Court for sealed filing. If a Party plans to make a filing containing Confidential Information, it shall provide the proponent of sealing with sufficient notice in advance of that filing, to allow the proponent to seek an order of sealing or redaction from the Court if desired.

10. This Confidentiality Agreement is not intended to prohibit the use or admissibility of Confidential Information upon trial of this action. Issues involving the protection of Confidential Information during trial will be presented to the Court prior to or during trial as each party deems appropriate, with direction from the Court.

11. In the event any Party is dismissed as a party to this action, it shall continue to be bound by and have rights under this Agreement. Any such Party shall, **within 45 days of dismissal**, promptly return all Confidential Information, and all copies, reproductions, extract, and summaries of such information to the Producing Party at the requesting party's expense, or, shall destroy all such Confidential Information, except that the parties' counsel of record may retain their working files (including pleadings, motion papers and other filings, deposition or

hearing transcripts, correspondence, and any attorney work-product), on the condition that those files will remain confidential. This paragraph is inapplicable to Documents filed with, or testimony given before, the Court or court of competent jurisdiction.

12. Upon termination of this lawsuit (whether by judgment, verdict, settlement or otherwise), each Party shall, **within 45 days of termination**, promptly return or destroy all such Discovery Material and all copies, reproductions, extracts, and summaries of all such Discovery Material to the Producing Party, except that the parties' counsel of record may retain their working files (including pleadings, motion papers and other filings, deposition or hearing transcripts, correspondence, and any attorney work-product), on the condition that those files will remain confidential. This paragraph is inapplicable to Documents filed with, or testimony given before, the Court or court of competent jurisdiction.

13. Nothing in this Agreement is intended to restrict or limit the authority of the Court to direct the disclosure of any information designated as Confidential Information by any Party to this litigation.

14. Nothing in this Agreement shall be deemed to restrict in any way a Producing Party or its attorneys with respect to its own documents or to prevent a Producing Party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case.

15. Nothing in this Agreement shall be construed as a waiver of, or prejudicial to, any claim that any Party would otherwise have regarding the produceability or discoverability of any item about which there is a discovery dispute.

16. In no event shall any of the findings, conclusions, determinations, or results of the Court herein be considered or deemed confidential.

17. For good cause shown, a Party to this Agreement may be released from its terms by order of the Court after notice and hearing.

18. It is agreed that this Agreement contains the entire agreement and understanding

between and among the Parties hereto and supersedes any prior agreements and understandings among them respecting the subject matter hereof.  There are no agreements or understandings (oral or written) between and among the Parties hereto relating to the subject matter of this Agreement that are not set forth or expressly referred to herein.  Amendments or modifications to this Agreement shall be invalid unless made in writing and signed on behalf of all of the Parties.

19.     If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.  If any provision of this Agreement shall be held invalid in part, such invalidity shall in no way affect the rest of the provision not held so invalid, and the rest of such provision, together with all other provisions of this Agreement, shall to the full extent consistent with law continue in full force and effect.

The foregoing provisions are agreed to and stipulated to by all Parties to this litigation.

**AGREED TO BY:**


By: /s/  Giselle Schuetz, Esq.
Giselle Schuetz, Esq.
Rebecca Houlding, Esq.
Law Offices of Joshua Friedman, P.C.
1050 Seven Oaks Lane
Mamaroneck, NY 10543
Tel: (888) 369-1119 x5
Fax:  (866) 731-5553
**ATTORNEYS FOR PLAINTIFF**


By: /s/  Andrew J. Morrissey, Esq.
Andrew J. Morrissey, Esq., SBN 156827
Sara M. Knowles, Esq., SBN 216139
Leland, Schultz, Morrissey & Knowles LLP
1660 Humboldt Road, Suite 6
Chico, California 95928
Tel: (530) 342-4500
Fax: (530) 345-6836
**ATTORNEYS FOR DEFENDANTS**

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: January 21, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GALLEGOS, | Case No. 2:15-CV-KJM-EFB (TEMP) |
| Plaintiff, | HON. KIMBERLY J. MUELLER<br>JUDGE FOR ALL PURPOSES |
| vs. | |
| SULLIVAN DRILLING, INC. AND CHARLES SULLIVAN, | |
| Defendants._____/ | |

## **AGREEMENT CONCERNING MATERIAL COVERED BY A CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The undersigned acknowledges that he/she has read the attached Stipulated Confidentiality Agreement and Protective Order agreed to by the Parties and entered by the Court in the above-captioned case, and understands the terms thereof and agrees to be bound by such terms.

_____        _____
DATE                                                          SIGNATURE